IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal No. 17-128 |
| | ) |
| RYAN WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

**I.   Introduction**

Pending before the court is a motion to reduce sentence (ECF No. 101) filed pro se by defendant Ryan Williams ("Williams"). Williams' letter was forwarded to the public defender's office, who declined to file a motion on his behalf. Upon learning that a counseled motion would not be filed, the court ordered a response from the government. (ECF No. 103). The government filed a response, opposing the motion. (ECF No. 104). The motion is ripe for disposition.

**II.   Procedural Background**

Williams was indicted in this case on two counts: (1) distribution of fentanyl resulting in the death of a user; and (2) felon in possession of a firearm. Because Williams has two prior felony drug convictions (*see* Presentence Report, ECF No. 77 ¶¶ 34, 36), he faced a sentence of mandatory life imprisonment if he was convicted. (Indictment Memorandum, ECF No. 4).

In June 2019, Williams and the government entered into a Rule 11(c)(1)(C) plea agreement ("Type-C Agreement"). As pertinent to the pending motion, the government agreed to allow Williams to plead guilty to a lesser-included offense at count 1, i.e., distribution of a

1

quantity of fentanyl (although Williams accepted responsibility for the death of the user); and to plead guilty to count 2.  The government also agreed to not file a § 851 Information about Williams' prior felony drug convictions.  The parties stipulated that the appropriate sentence was a term of 151 months of imprisonment at count 1 and 120 months at count 2, to run concurrent; to be followed by 3 years of supervised release at each count to run concurrent.  The parties agreed that "no other enhancements, departures, or variances are applicable or appropriate." (ECF No. 98-1).  Williams agreed he would not seek relief under 18 U.S.C. § 3582(c)(2) if the sentencing guidelines were subsequently lowered by the sentencing commission.  *Id.* The court took the plea agreement under advisement pending review of the pre-sentence investigation report.

On December 4, 2019, the court issued its tentative findings and rulings concerning the applicable sentencing guidelines. (ECF No. 82). Regarding Williams' criminal history, the court determined that Williams had a criminal history score of 9, which resulted in a criminal history category of IV. (ECF No. 82 ¶ 9); but, because Williams was a career offender based on two prior felony convictions for controlled substances, his actual criminal history category was VI. (ECF No. 82 ¶¶ 4, 10). On December 5, 2019, the court adopted the tentative findings and rulings[1], accepted the parties' binding plea agreement, and imposed the agreed-upon sentence. The term of imprisonment was at the low end of the advisory guideline range of 151-188 months for the lesser-included offense at count 1, which reflected Williams' designation as a career offender.

This is not Williams' first motion to reduce his sentence. In June 2022, Williams filed a motion to reduce his sentence pursuant to the CARES and/or First Step Act. (ECF No. 93). In

---

[1] There were no objections to the tentative findings and rulings.

denying that motion, the court, among other things, reviewed the details of the Rule 11(c)(1)(C) plea agreement that Williams entered into.² Of particular relevance to the instant motion, "[t]he parties agreed that 'no other enhancements, departures, or variances are applicable or appropriate[,]'" and "*Williams agreed he would not seek relief under 18 U.S.C. § 3582(c)(2) if the sentencing guidelines were subsequently lowered by the sentencing commission*." (ECF No. 99 at 2) (quoting (ECF No. 98-1)) (emphasis added).

### III.     Legal Standard

Only under limited circumstances may a district court modify a judgment that includes a term of imprisonment because that judgment is final. *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstance arises under 18 U.S.C § 3582(c), which allows a district court to reduce or modify a sentence "if two conditions are met: (1) the defendant was sentenced 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting 18 U.S.C. § 3582(c)(2)).

### IV.     Analysis

To support his argument that he is eligible for a reduced sentence because his sentence was based on a sentencing range that has since been lowered, Williams relies on *Hughes v. United States,* 584 U.S. 675 (2018), in arguing that he is entitled to a reduction due to

---

² In its previous opinion, the court also noted that "[b]ecause Williams has two prior felony drug convictions (*see* Presentence Report, ECF No. 77 ¶¶ 34, 36), he faced a sentence of mandatory life imprisonment if he was convicted." (ECF No. 99 at 1) (quoting (ECF No. 4).

3

Amendment 821. (ECF No. 101) (which reduced the number of points issued to defendants with 7 or more points and who committed the instant offense while under a criminal justice sentence from 2 to 1 (U.S.S.G. §4A1.1)). Williams' reliance on *Hughes* is misplaced. In *Hughes*, the Supreme Court held that despite a Type-C Agreement, a reduction of defendant's sentence may be warranted under § 3582(c)(2)—in certain situations. *Hughes*, 584 U.S. at 686.

Fatal to Williams' motion, however, is the particular Rule 11(c)(1)(C) plea agreement that he signed. A plea bargain is a contract between the government and the defendant, where "[e]ach side agrees to certain charges or sentence calculations and gives up its right to take other positions." *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024). One such position that Williams gave up is his right to "seek relief under 18 U.S.C. § 3582(c)(2) if the sentencing guidelines were subsequently lowered by the sentencing commission." (ECF No. 98-1).[3] Indeed, this very scenario was contemplated by Chief Justice Roberts in his dissenting opinion in *Hughes*: "The Government may well be able to limit the frustrating effects of today's decision in the long run. Going forward, it presumably can add a provision to every Type–C agreement in which the defendant agrees to waive any right to seek a sentence reduction following future Guidelines amendments." *Hughes*, 584 U.S. at 699 (Roberts, C.J. dissenting).

In short, the court will deny Williams' motion because he is bound by the plain language of his plea agreement and is thus prohibited from filing his motion. *See e.g.*, *United States v. Blystone*, No. CR 20-0220, 2024 WL 1141855, at *4 (W.D. Pa. Mar. 15, 2024); *United States v. Portis*, No. CR 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024).

---

[3] Likewise, "the government agreed to allow Williams to plead guilty to a lesser-included offense at count 1, i.e., distribution of a quantity of fentanyl (although Williams accepted responsibility for the death of the user); and plead guilty to count 2. The government also agreed to not file a § 851 Information about Williams' prior felony drug convictions." (ECF No. 99 at 1).

Even had Williams not given up his right to bring the instant motion, the court would still deny the motion. As indicated by the court in its previous opinion denying Williams' motion for compassionate release, "Williams was correctly designated as a career offender based on his two prior felony drug convictions." (ECF No. 100 at 8). Thus, his "term of imprisonment was at the low end of the advisory guideline range of 151-188 months for the lesser-included offense at count 1, which reflected Williams' designation as a career offender[,]" not based on a non-career offender criminal history category. (*Id.* at 2). The sentencing guidelines make clear that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if: . . . (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ." U.S.S.G. §1B1.10, comment. (n.1). Because Williams was properly designated as a career offender and that designation is what dictated his sentencing range, a reduction in his term of imprisonment is not authorized under § 3582(c)(2). *United States v. Ramos*, No. CR 08-274-2, 2024 WL 1659884, at *3 (E.D. Pa. Apr. 17, 2024); *United States v. Murphy*, No. 1:21-CR-906, 2024 WL 887538, at *3 (D.N.J. Feb. 29, 2024).

In the end, there are at least two separate reasons which require the denial of Williams' motion: (1) Williams gave up his right to bring the instant motion; and (2) Williams was a career offender at the time of his sentencing.

**V. Conclusion**

Based on the foregoing, the court will deny Williams' motion to reduce his sentence. (ECF No. 101).

An appropriate order will be entered.

Dated:   July 10, 2024.

BY THE COURT:

<u>s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge